**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SARWO EDDY SIAHAAN,

      Petitioner,

    v.

MICHAEL B. MUKASEY,

      Respondent.

No. 07-9572

Board of Immigration Appeals

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Sarwo Eddy Siahaan, a native and citizen of Indonesia, filed a petition for review challenging a Board of Immigration Appeals' (BIA) final order of removal following the denial of his application for asylum, restriction on removal under 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Torture (CAT). An immigration judge (IJ) denied his application, which the BIA affirmed.

## I. Background

Mr. Siahaan entered the United States on or about December 11, 1990, as a non-immigrant visitor. Although he had authorization to remain only until June 11, 1991, he remained in the country far past that deadline. On April 17, 2003, he filed for asylum. This request was denied by an asylum officer and then referred to the immigration court. The Department of Homeland Security began removal proceedings pursuant to 8 U.S.C. § 1227(a)(1)(B) for his remaining in the country longer than permitted.

Mr. Siahaan appeared before the IJ on August 20, 2003, where he conceded his removability but petitioned for asylum, restriction on removal, and relief under CAT. He claimed that he could not return to Indonesia for fear he would be persecuted for his Christian religion and Batak ethnicity. He tried to establish the requisite fear of persecution by showing past persecution. Mr. Siahaan, now forty-seven, told how men who appeared to be Betawi Muslims repeatedly harassed and threatened him as he walked to his high school as an Indonesian youth. A man later told him that the harassment was on account of his being Christian and Batak. A.R. 139. Mr. Siahaan also said that when he was sixteen or seventeen years old he was robbed and beaten, though he never said whether

the robbery was related to the prior harassment or on account of his being a Batak Christian. A.R. 75-76.

The IJ denied Mr. Siahaan's applications for asylum, restriction on removal, and CAT protection. He denied the asylum application because Mr. Siahaan had failed to file it within one year of his arrival and could show no exceptional circumstances to excuse the late filing. He also found Mr. Siahaan ineligible for asylum because, though Mr. Siahaan's testimony was credible, the evidence was not sufficient to show past persecution or a fear of future persecution. A.R. 50. For the same reason the IJ declined Mr. Siahaan's restriction on removal application. A.R. 51. The IJ then ordered Mr. Siahaan's removal from the United States.

Mr. Siahaan appealed the decision, and on August 31, 2007, the BIA dismissed his appeal. The BIA agreed with the IJ that Mr. Siahaan's application for asylum was time-barred. It also held that the evidence of persecution was not sufficient for a grant of restriction on removal and that the evidence did not show a likelihood that he would be tortured if returned to Indonesia, as required for protection under CAT. A.R. 02-03. Mr. Siahaan filed a timely petition for review.

## II. Issues on Appeal

Mr. Siahaan does not appeal the denial of his asylum application, apparently recognizing its untimeliness. He does, however, appeal the decisions

not to grant restriction on removal or CAT protection. Pet. Br. 4-5. Specifically, he argues that the evidence was sufficient to show past persecution and fear of future harm or torture. *Id.* According to Mr. Siahaan, the fact that the IJ found his testimony to be credible was sufficient to meet his burden of proof, and the IJ erred by requiring something more.

### III. Standard and Scope of Review

When reviewing the factual basis of a BIA decision, we review for "substantial evidence" supporting the board's decision. *See Kabba v. Mukasey*, 530 F.3d 1239, 1244 (10th Cir. 2008); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007). BIA factual findings are "conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Sarr v. Gonzales*, 474 F.3d 783, 788-89 (10th Cir. 2007).

A point of contention in this case is how far the scope of our substantial-evidence review should extend. Mr. Siahaan's attacks focus not on the decision of the BIA, but the decision of the IJ. He argues that the IJ applied the wrong burden of proof analysis when that judge found his testimony credible but nonetheless failed to find that evidence sufficient to grant his requests. Pet. Br. 5-6. If the BIA had summarily affirmed the IJ decision without any opinion of its own, then Mr. Siahaan would be correct that this court would look to the IJ opinion to determine the rationale behind the order. *See Sidabutar*, 503 F.3d at 1123. Here, however, the BIA has issued an opinion of its own. We therefore

restrict our review to the BIA opinion, and will not look to the grounds cited by the IJ unless the BIA opinion specifically refers to them. *Id.*

## IV. Restriction on Removal

An alien is entitled to restriction on removal if his "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). He can create a rebuttable presumption of eligibility by showing either "past persecution," 8 C.F.R. § 1208.16(b)(1), or that "it is more likely than not that [he] would be persecuted on [one of the specified grounds]" upon returning to the country of removal, 8 C.F.R. § 1208.16(b)(2).

The BIA reviewed the evidence and agreed with the IJ that Mr. Siahaan had failed to show past persecution. A.R. 03. The Board acknowledged Mr. Siahaan's testimony that he had been harassed and threatened by Muslims as he walked to high school because he was Christian and Batik, and that he had once been robbed and beaten by Betawi people when he was a teenager. A.R. 02. The BIA did not inquire into Mr. Siahaan's credibility but rather treated the statements as true, finding that even if accurate, this evidence alone did not amount to past persecution. A.R. 02-03.

The BIA's conclusion that Mr. Siahaan did not suffer from past persecution is consistent with our case law. To qualify as past persecution the harm must rise to a certain level. "[A] finding of persecution requires the infliction of suffering

or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004) (internal quotation omitted). *See also Sidabutar*, 503 F.3d at 1124 (finding no past persecution for Indonesian Christian who was beaten repeatedly by Muslim classmates in school and robbed by Muslims outside of school). The harm also "must be inflicted by the government or by a non-governmental group that the government is unwilling or unable to control." *Id.* (internal quotations omitted). We do not doubt that Mr. Siahaan suffered from the harassment and the robbery, but the BIA was not unreasonable in finding that these actions did not rise to the level of past persecution.

Mr. Siahaan could also demonstrate entitlement to restriction on removal by showing it is "more likely than not" that he would be persecuted for his religion or ethnicity upon returning to Indonesia. 8 C.F.R. § 1208.16(b)(2). The BIA, however, found that Mr. Siahaan "presented no evidence to establish that his life would be threatened if he is removed to Indonesia." A.R. 03. The only evidence Mr. Siahaan points to in support of his claim of likely future persecution is a State Department report that lists several isolated acts of violence against Christians that have taken place in Indonesia. Pet. Br. 9; A.R. 97. A factfinder would be reasonable in finding that this evidence does not establish a likelihood that Mr. Siahaan would be persecuted upon his return to Indonesia. *See*

-6-

*Sidabutar*, 503 F.3d at 1125 (affirming a BIA finding that the country conditions affecting Christians in Indonesia do not create a probability of future persecution, based largely on State Department reports). We therefore cannot say that the BIA's refusal to grant restriction on removal fails to meet the highly deferential substantial-evidence standard.

### V. Convention Against Torture

To receive protection under CAT, Mr. Siahaan must show that it is "more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005). The BIA found that Mr. Siahaan had "presented no evidence that he would be tortured by or at the instigation of, or with the consent or acquiescence of, public officials of the Indonesian government if he is returned to that country." A.R. 03. Given the prior discussion of the nature and probability of the threats to Mr. Siahaan, we cannot say that the BIA was unreasonable in this finding.

For the reasons set forth above, we **AFFIRM**.

Entered for the Court,

Michael W. McConnell
Circuit Judge